UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

FEB 1 1 2005

at \_\_ o'clock and \_\_ min. \_\_M.
WALTER A.Y.H. CHINN, CLERK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff - Appellee,<br><br>v.<br><br>PAULO JAEGER,<br><br>Defendant - Appellant. | No. 03-10389<br>D.C. No. CR-02-00550-ACK<br><br>**JUDGMENT** |

Appeal from the United States District Court for the District of Hawaii (Honolulu).

This cause came on to be heard on the Transcript of the Record from the United States District Court for the District of Hawaii (Honolulu) and was duly submitted.

On consideration whereof, it is now here ordered and adjudged by this Court, that the judgment of the said District Court in this cause be, and hereby is **AFFIRMED**.

Filed and entered Friday, January 14, 2005

A TRUE COPY
CATHY A. CATTERSON
Clerk of Court
ATTEST

FEB 0 7 2005

by: _____
Deputy Clerk

FILED

JAN 14 2005

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff – Appellee, <br><br> v. <br><br> PAULO JAEGER, <br><br> Defendant – Appellant. | No. 03-10389 <br><br> D.C. No. CR-02-00550-ACK <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the District of Hawaii
Alan C. Kay, Senior Judge, Presiding

Argued and Submitted November 5, 2004
Honolulu, Hawaii

Before: BRUNETTI, GRABER, and BYBEE, Circuit Judges.

Paulo Jaeger appeals his conviction on two counts of the distribution of

cocaine base, urging that the district court erred in ruling that materials the

---

* This disposition is not appropriate for publication and may not be cited
to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.

government disclosed to the court pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), were inadmissible under Fed. R. Evid. 403, and thus did not need to be disclosed to the defense. We review the district court's decision for clear error and, finding none, affirm.

I

Jaeger's charges arose from two separate incidents in which he allegedly sold a $20 rock of cocaine base to undercover agents of the Honolulu Police Department ("HPD"), who were conducting a long-term investigation into drug and gambling activities in the Honolulu "peep show" establishment Swing Video.

After being sentenced and filing a timely notice of appeal, Jaeger discovered that the government had made a pretrial *ex parte* disclosure of potential *Brady* material. This evidence concerned unsubstantiated allegations by defendants in unrelated cases that Malcolm Lutu, an officer involved in Jaeger's case, had stolen money (and, in one case, rock cocaine) from them during their arrests.

In Jaeger's case, although Lutu's involvement in the first undercover sting was quite limited, his role in the second operation—where he formed a link in the chain of custody of the cocaine base—was more significant. However, because the parties stipulated to the chain of custody, Lutu did not testify at trial. On

appeal, Jaeger contends that, had the withheld evidence been disclosed, he would have refused the stipulation and forced Lutu to take the stand. Jaeger submits that the evidence would have been admissible either (1) to attack Lutu's character for truthfulness or (2) to expose Lutu's alleged bias toward Jaeger.

## II

In general, we review de novo the district court's ruling on the prosecution's duty to produce evidence under *Brady*. *United States v. Monroe*, 943 F.2d 1007, 1012 (9th Cir. 1991). However, the trial court, in deciding what constitutes *Brady* material, is not in the same position as a prosecutor responding to a request for *Brady* material. *United States v. Strifler*, 851 F.2d 1197, 1202 (9th Cir. 1988). When a district court rules on whether a defendant is entitled to access a document that the government has produced pursuant to *Brady*, we review for clear error. *See id.*; *Monroe*, 943 F.2d at 1012. Accordingly, we will reverse only if "we find that the district court committed clear error in failing to release probative, relevant, material information." *Strifler*, 851 F.2d at 1202. Further, "[t]o be material under *Brady*, undisclosed information . . . must be admissible." *United States v. Kennedy*, 890 F.2d 1056, 1059 (9th Cir. 1989).

*Character for truthfulness.* As the district court recognized, evidence of an alleged theft is generally of limited probative value as to a witness's character for truthfulness. *See, e.g., United States v. Brackeen*, 969 F.2d 827, 830 (9th Cir. 1992) (en banc) (per curiam). Further, in this case, the withheld evidence involved defendants in unrelated matters, each of whom had a motive to fabricate his claims. Both claims were thoroughly investigated by HPD internal affairs, reviewed by a prosecutor, and found unsubstantiated. In addition, Jaeger never came into direct contact with Lutu, and Jaeger at no time has alleged that money or drugs were stolen from him. Thus, the district court did not clearly err in ruling that the withheld evidence's limited probative value was substantially outweighed by the danger of unfair prejudice, delay, or confusion. Fed. R. Evid. 403.

*Evidence of bias.* Although Rule 404(b) does not preclude character evidence introduced to establish bias, such evidence must, of course, be relevant under Rule 402 and survive Rule 403. At trial, Jaeger argued that he was "trying to show that some police officer doesn't like him," and his fiancé testified that she once "hear[d] or s[aw] an argument" between Jaeger and Lutu. On appeal, however, Jaeger has failed to articulate how the withheld evidence is relevant to bolster the argument that Lutu harbored bias toward him.

-4-

The withheld evidence involved unrelated defendants, rather than Jaeger; it involved direct contact with other defendants, not chain of custody problems; and it involved allegations of theft, not planting of (or tampering with) evidence. The withheld evidence is thus not probative of whether Lutu was biased toward Jaeger, because it does not make it more or less likely that such bias existed. Fed. R. Evid. 402. Since the evidence is not probative of bias, the district court did not clearly err in excluding it under Rule 403.

Because the disputed evidence was not admissible, and is thus not material for *Brady* purposes, the district court's decision not to release the material to the defense was not clear error. See *Strifler*, 851 F.2d at 1202; *Monroe*, 943 F.2d at 1012. Accordingly, the judgment of the district court is **AFFIRMED.**